UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HIEP TA, A-028-093-809,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-2027 DC AC

FINDINGS AND RECOMMENDATIONS

Petitioner, a self-represented immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons discussed below, the undersigned recommends that the petition be denied and respondents' motion to lift no transfer order (ECF No. 10) be granted.

I. Factual Background

Petitioner is a native and citizen of Vietnam who was admitted to the United States on or about May 12, 1989, as a refugee. ECF No. 1 at 2; ECF No. 8-1 at 3. His status was subsequently adjusted to that of a lawful permanent resident on August 3, 1990. ECF No. 8-1 at 3. On March 21, 2006, petitioner was issued a Notice to Appear alleging that he was subject to removal pursuant to section 237(a)(2)(A)(iii) due to having been convicted on August 25, 2005,

of an aggravated felony, specifically an offense related to drug trafficking. Id. at 1-3. An immigration judge ordered petitioner removed to Vietnam on April 5, 2006, and neither party appealed. ECF No. 1 at 2; ECF No. 8-2 at 1-2.[1] Respondents represent that petitioner was subsequently released from immigration custody, although the circumstances of his release are unclear. ECF No. 8 at 2.

Petitioner was re-detained by Immigrations and Customs Enforcement ("ICE") on January 2, 2026, to effectuate removal. ECF No. 8 at 2; ECF No. 8-4 at 2. Petitioner references having spent years in prison and states that he had just finished a 3-year sentence when he was transferred to ICE custody. ECF No. 1 at 2; ECF No. 9 at 1. He has remained detained at California City Detention Center since his re-detention. ECF No. 1 at 2; ECF No. 13 at 2. Respondents requested, and have since obtained, a travel document to Vietnam to effectuate petitioner's removal. ECF No. 8-4 at 2; ECF No. 10; ECF No. 10-3.

II. Procedural History

Petitioner filed his pro se petition for writ of habeas corpus on March 13, 2026. ECF No. 1. By minute order dated March 20, 2026, the undersigned ordered respondents to file an answer to the petition and to not transfer petitioner outside of this judicial district pending further order of the court. ECF No. 6. In response, respondents filed an answer and motion to dismiss the petition for all respondents other than petitioner's immediate custodian. ECF No. 8. Petitioner filed a reply. ECF No. 9.

Respondents subsequently filed a motion to lift the no transfer order entered in this case, on the basis that Vietnam had issued a travel document and respondents could now lawfully effectuate petitioner's removal. ECF Nos. 10, 13. The undersigned issued an order allowing petitioner to file a response to the motion and further warned that "[f]ailure to file a timely

---

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Oct. 20, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

opposition may also be construed by the Court as a non-opposition to the motion," in accordance with Local Rule 230(c). ECF No. 11. To date, petitioner has not filed a response to the motion. Respondents subsequently filed a motion to expedite consideration of the motion to lift the no transfer order. ECF No. 13.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

## IV. Discussion

### A. Respondents' Motion to Dismiss All Other Respondents

Respondents seek to dismiss all respondents except petitioner's immediate custodian, citing Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024). ECF No. 8 at 2. However, Doe v. Garland held that a petitioner challenging his immigration detention must name his immediate custodian, 109 F.4th 1188, 1195-97 (9th Cir. 2024); it did not hold that petitioner is precluded from naming more than one respondent so long as the immediate custodian is named, nor did it address who may be named as a respondent when the petition seeks injunctive relief in addition to challenging the petitioner's present physical confinement. See, e.g., Khan Atal v. Warden, California City Corrections Center, No. 1:26-cv-01945 DAD SCR, 2026 WL 1110268, at *1-2, (E.D. Cal. Apr. 24, 2026) (citing Estrada v. Mullin, No. 1:26-cv-02527 KES EPG (HC), 2026 WL 1030902, at *1 (E.D. Cal. Apr. 16, 2026)); Bandarenka v. Warden, No. 1:26-cv-02295 DAD SCR, 2026 WL 925997 (E.D. Cal. Apr. 6, 2026). In this case, because petitioner has named his immediate custodian and styled his petition as both a petition for writ of habeas corpus and a request for injunctive relief, the undersigned does not recommend dismissal of the other named respondents on this basis and recommends respondents' motion to dismiss be denied.

B. The Petition for Writ of Habeas Corpus

Petitioner alleges that his continued detention violates his due process rights because he has been detained pursuant to 8 U.S.C. § 1231 for more than the presumptively reasonable six-month period and there is no significant likelihood of his removal in the reasonably foreseeable future. ECF No. 1 at 13-14 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)).[2] In response, respondents argue that this claim is without merit because petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6), and his detention is not indefinite because the government requested a travel document from Vietnam and petitioner's removal was "likely in the reasonably foreseeable future because he will be expeditiously removed from the United States once Vietnam sends a travel document." ECF No. 8 at 4; ECF No. 8-4. Respondents have subsequently submitted evidence that Vietnam has issued a travel document for petitioner, which is valid through January 31, 2027. ECF No. 10; ECF No. 10-3; ECF No. 13.

Detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). The statute provides that when a noncitizen is ordered removed, they shall be removed within ninety days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). "[Section] 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). After the 90-day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain

[2] Grounds two and three of the habeas petition assert claims relating to punitive deportations and banishments to third countries not specified on a noncitizen's removal order, which appear inapplicable to petitioner. ECF No. 1 at 3-6, 9-13, 14-16. Petitioner is being removed to Vietnam, a country specified in his removal order and of which he is a citizen. Travel documents have been issued. ECF Nos. 8-2, 10-3. Grounds two and three therefore do not entitle petitioner to the relief he seeks, and it is unnecessary to discuss them in greater detail.

In addition, petitioner checked the box on the form petition indicating that he is not pursuing ground four, which would have alleged a due process violation based on the improper revocation of post-final removal order release without complying with 8 C.F.R. §§ 241.4(l) and 241.13(i). ECF No. 1 at 17-19. Because petitioner affirmatively indicated that he is not pursuing this ground for relief, and the court has not otherwise been presented with evidence which would support relief on this claim, it will not be considered.

specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Id. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). Relevant here, the second category includes noncitizens ordered removed under 8 U.S.C. § 1227(a)(2) based on their criminal offenses, including noncitizens who are deportable because they were "convicted of an aggravated felony at any time after admission," which includes illicit trafficking in a controlled substance. 8 U.S.C. § 1231(a)(6); see also 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii).

In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. "[F]or the sake of uniform administration in the federal courts," the Supreme Court recognized a period of six months to be a "presumptively reasonable period of detention." Id. at 701. "After this 6-month period, once the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Here, the parties agree that petitioner has been detained since January 2, 2026. ECF No. 1 at 2; ECF No. 8 at 2. Respondents do not appear to dispute petitioner's assertion that his detention has exceeded the six-month presumptively reasonable period of post-removal detention, and instead assert that petitioner has not met his burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. See generally ECF No. 8. Indeed, petitioner has been detained for over nine months, which is not a "presumptively reasonably period of detention" under Zadvydas. 533 U.S. at 701.

As petitioner's detention is no longer presumptively reasonable, the court next considers whether petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and if so, "the Government must respond with evidence sufficient to rebut that showing." 533 U.S. at 701. The record before the court includes

(1) a copy of petitioner's travel document issued by Vietnam, which is the country to which he was ordered removed, and which is valid through January 31, 2027; and (2) respondents' representation that they can lawfully effectuate petitioner's removal upon this court lifting its order prohibiting petitioner's transfer outside this judicial district. ECF Nos. 8-2, 10, 10-3. Petitioner has not alleged that there is any other impediment to his removal. ECF Nos. 1, 9. On this record, the court cannot conclude that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future. See, e.g., Oeun v. Golden State Annex, No. 1:26-cv-04277 DC AC, 2026 WL 2494929, at *4-5 (finding no basis for relief under Zadvydas following the issuance of a travel document to the noncitizen's country of citizenship and the government's assertion that the only barrier to removal was the habeas court's no-transfer order); Singh v. Warden, No. 1:26-cv-01245 DAD CKD, 2026 WL 2098207, at *2-3 (E.D. Cal. July 20, 2026) ("The court finds that respondents' representation that travel documents have been secured and that they are prepared to execute petitioner's removal demonstrates a significant likelihood of removal in the reasonably foreseeable future where, as here, petitioner has not shown any other impediment to his removal.") (collecting cases). Therefore, petitioner is not entitled to habeas relief under Zadvydas, and the undersigned recommends that the petition be denied.[3] Because petitioner is not entitled to habeas relief, the undersigned further recommends that respondents' motion to lift the no transfer order and expedite consideration of same be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 8) be DENIED;
2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED;
3. Respondents' motion to lift no transfer order (ECF No. 10) and motion to expedite review (ECF No. 13) be GRANTED; and
4. The Clerk of the Court be directed to close this case.

[3] As noted above, grounds two and three present arguments inapplicable to petitioner, who is not being deported to a third country not specified in his removal order, and petitioner affirmatively indicated that he is not pursuing ground four. See ECF No. 1 at 3-6, 9-13, 14-19. The undersigned will therefore not discuss grounds two, three, or four for the sake of efficiency.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE